UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DOROTHY WEILEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:24-cv-01453 |
| | ) |
| AIMBRIDGE HOSPITALITY, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Dorothy Weileman ("Weileman") brings this Tennessee tort suit against Defendant Aimbridge Hospitality, LLC ("Aimbridge") for its allegedly negligent conduct in failing to maintain the safety of Weileman's hotel room during her August 2023 stay. Before the Court is Aimbridge's Motion to Dismiss (Doc. No. 13), which has been fully briefed and is ripe for review (Doc. Nos. 13, 16–17). For the following reasons, the Court will grant in part and deny in part Aimbridge's Motion to Dismiss (Doc. No. 13).

**I.    BACKGROUND AND FACTUAL ALLEGATIONS[1]**

Because of the nature of the arguments made in the parties' briefing, the Court need only briefly describe the allegations to resolve the instant motion. In short, Aimbridge owns, controls, and manages the Hampton Inn at 1919 West End Ave in Nashville, Tennessee ("Property") that Weileman stayed at on August 30, 2023. (Doc. No. 12 ¶¶ 4, 14). Upon entering her room at the Property, Weileman walked around the side of the bed, where a metal bracket on the bed frame pierced her right leg. (Id. ¶¶ 15–16). Weileman sustained injuries from this incident (id. ¶¶ 22,

---

[1] The Court draws the facts in this section from the Amended Complaint (Doc. No. 12) and assumes the truth of those facts for purposes of ruling on the instant motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

24), resulting in medical expenses (id. ¶ 35).  Based on these events, Weileman brings the instant case alleging Tennessee negligence and negligence per se claims against Aimbridge for creating and maintaining unsafe conditions in Weileman's room on the Property.  (Id. ¶¶ 36–43).

## II.   LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the complaint must include a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Fed. R. Civ. P. 8(a)(2)).  When determining whether the complaint meets this standard, the Court must accept all the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief."  Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).  The Court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  And "[w]hile the complaint 'does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions'" or "'a formulaic recitation of a cause of action's elements[.]'"  Blackwell, 979 F.3d at 524 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## III.   ANALYSIS

Aimbridge moves to dismiss both of Weileman's tort claims under Rule 12(b)(6).  The Court will start with Weileman's negligence per se claim, as the outcome of Aimbridge's motion on that claim largely resolves the underlying dispute.

1. Negligence Per Se

On Weileman's negligence per se claim, Aimbridge contends dismissal is warranted because Weileman's negligence per se allegations are insufficient under Rule 8(a) and are inappropriately intertwined with her negligence claim in violation of Rule 10(b). The Court need not delve into the merits of these arguments, however, as Weileman concedes that she brought her negligence per se claim in error. (Doc. No. 16 at 2 (stating she "is not bringing a cause of action for negligence per se")). Although the parties agree that Weileman's admission that she does not seek to bring such claim warrants striking reference to it in the Amended Complaint (Doc. No. 16 at 2; Doc. No. 17 at 1), there is no proper Rule 12(f) motion before the Court warranting such relief. Given this, the Court will grant Aimbridge's motion on this claim, but will reject the parties' unsupported request to strike.

2. Negligence

All that remains is Weileman's negligence claim. Notably, Aimbridge does not contest that Weileman has sufficiently pled the elements of that claim. (See Doc. No. 17 at 1 (not disputing Weileman's argument that she sufficiently pleads her negligence claim)). Instead, Aimbridge raises an alternative argument for dismissal: that Weileman's allegations on her negligence and negligence per se claims are too intertwined to be properly pled, in violation of Rule 10(b). This argument is flawed both procedurally and substantively.

As an initial matter, Aimbridge fails to appreciate both: which set of civil procedural rules apply, and which one specifically is relevant to its argument. Aimbridge first missteps by improperly quoting the Tennessee Rule of Civil Procedure in contending dismissal is warranted on this ground. See Tenn. R. Civ. P. 10 (stating "[a]ll averments of claim or defense shall be made in numbered paragraphs, contents of each of which shall be limited as far as practicable to a

3

Case 3:24-cv-01453   Document 18   Filed 06/26/25   Page 3 of 6 PageID #: 129

statement of a single set of circumstances" and "[e]ach claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense"); but see Fed. R. Civ. P. 10(b) (stating "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense"). In doing so, Aimbridge forgets it removed this case to federal court, where in this diversity suit "federal procedural law applies." Surles ex rel. Johnson v. Greyhound Lines, Inc., 474 F.3d 288, 296 n.1 (6th Cir. 2007) (citing Legg v. Chopra, 286 F.3d 286, 289 (6th Cir. 2002)).

Even construing Aimbridge's argument as referencing Federal Rule of Civil Procedure 10(b), its reliance on Rule 12(b)(6) as the proper vehicle for this sort of argument is wrong. Where a party argues that a sufficiently plausible claim is nonetheless "pleaded vaguely enough to make response impossible," as Aimbridge asserts here, such claim would instead be "vulnerable to a Rule 12(e) motion." Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1376 Motion for a More Definite Statement—Scope of Rule 12(e); see Loggins v. Costco Wholesale Corp., 2022 WL 2161521, at *3 (W.D. Tenn. June 15, 2022) ("arguing that a complaint is 'indecipherable' without challenging the sufficiency or plausibility of its allegations falls under Rule 12(e), not Rule 12(b)(6)") (collecting cases). "Indeed, courts often address whether a complaint violates Rule 10(b)[,]" the exact argument Aimbridge raises here, "in the context of motions under Rule 12(e)." Id. (collecting cases).

Ultimately, whether the Court construes Aimbridge's motion under Rule 12(e) or 12(b)(6) makes no difference—either way, it fails substantively. The Court has already determined, and Weileman has explicitly stated, that the allegations in the Amended Complaint pertain *only* to her

4

negligence claim, making any assertion by Aimbridge that the allegations are too intertwined with multiple claims meritless.  (See Doc. No. 16 at 2).  Further, it is not in dispute that the allegations—which assert that Aimbridge owed Weileman a duty of care as a guest at its hotel, breached that duty by emplacing and concealing a dangerous bedframe in her room without warning that resulted in injury to Weileman—are sufficiently detailed to plausibly constitute a claim for negligence under Tennessee law.  (Doc. No. 12 ¶¶ 16, 18, 22, 25–33, 35–43); see Giggers v. Memphis Hous. Auth., 277 S.W.3d 359, 364 (Tenn. 2009) (elements of negligence claim include (1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause) (citation omitted).  Considering these circumstances, Aimbridge's argument, whether brought under Rule 12(e) or 12(b)(6), is of no moment.  Accordingly, Aimbridge's motion will be denied on this claim.

**IV.     CONCLUSION**

For the foregoing reasons, Aimbridge's Motion to Dismiss (Doc. No.13) is **GRANTED IN PART** on Weileman's negligence per se claim and is **DENIED IN PART** on Weileman's negligence claim.  Pursuant to the parties' agreement, Aimbridge **SHALL** file its Answer to Weileman's Amended Complaint no later than **TWENTY (20)** days from the entry of this order.  The partes are reminded that the Court requires two substantive attempts to resolve this case.  See Judicial Preferences, Page 4, locate don the Court's website at:

https://www.tnmd.uscourts.gov/sites/tnmd/files/Judicial%20Preferences%2020200420.pdf.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE